IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

V.                         Criminal No. 3:13-cr-30006
                           Civil No. 3:16-cv-03065

ERICK LOPEZ-ROBLES                                              DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion to Modify and Reduce Sentence, filed on June 3, 2016, pursuant to 28 U.S.C. 2255 and based on the Supreme Court rulings in *Johnson*[1] and *Welch*[2]. (Doc. 45)  No service of the § 2255 Motion was authorized and, therefore, the United States of America has not filed a response.  The matter is ready for Report and Recommendation.

### I. Background

On February 8, 2013, a Criminal Complaint was filed against Petitioner, Erick Lopez-Robles ("Lopez-Robles"), alleging that on or about January 18, 2013 Lopez-Robles knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, in violation of 21 U.S.C. §841(a)(1).  (Doc. 1)  Lopez-Robles was arrested on February 12, 2013, and he made his initial appearance before the Hon. James R. Marschewski on February 15, 2013.  (Doc. 3)  The Court appointed Bruce D. Eddy, Federal Public Defender, to represent Lopez-Robles.  (Doc. 5)  Lopez-Robles waived the issues of probable cause and detention, and he was ordered detained and remanded to the custody of the United States Marshal's Service.  (Doc. 6)

On March 6, 2013, Lopez-Robles was named in an Indictment charging him with two counts of knowingly distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  (Doc.

---

[1] *Johnson v. United States*, 574 U.S. ___, 135 S.Ct. 2551, 190 L.Ed.2d 718 (2015).
[2] *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016).

1

8) Lopez-Robles appeared for arraignment with his retained counsel, William Blair Brady ("Brady"), on March 15, 2013, and he entered a not guilty plea to each count of the Indictment. (Doc. 11)

On May 22, 2013, Lopez-Robles appeared with counsel before the Hon. P. K. Holmes, III, for a change of plea hearing. (Doc. 19) A written Plea Agreement was presented to the Court, and Lopez-Robles pleaded guilty to Count One of the Indictment charging him with knowingly distributing methamphetamine. (Docs. 19, 20) The Court reserved approval of the Plea Agreement pending completion of a Presentence Investigation Report ("PSR"). (Doc. 19)

An Initial PSR was prepared by the United States Probation Office on July 23, 2013. (Doc. 21) On August 7, 2013, the Government advised that it had no objections to the Initial PSR. (Doc. 22) On August 7, 2013, Brady submitted three objections to the Initial PSR on behalf of Lopez-Robles: (1) that the drug quantities reported in paragraphs 65 and 71 of the PSR were miscalculated, as the weights should be given in the light most favorable to him; (2) that Lopez-Robles should not receive a two level enhancement under U.S.S.G. §2D1.1(b)(1), as the guns at issue were found in his residence approximately one month after the commission of his offense and five miles away from the location of his offense conduct; and, (3) that there are factual mistakes in many of the paragraphs of the PSR which he disputes, for instance, he objects to the factual accuracy of paragraphs 13 through 17, he believes paragraph 18 to be merely irrelevant, and that it would be a waste of resources for all parties to address all 125 paragraphs. (Doc. 23)

On August 22, 2013, a Final PSR was submitted to the Court along with an Addendum. (Doc. 24) In response to Lopez-Robles' first objection, U. S. Probation revised the PSR to calculate the drug quantities with the purity levels (taking into account the +/- failure rate of 4.75%) that benefit the Defendant; this still resulted in a base offense level of 32. (Doc. 24-1, pp. 1-2)

Regarding Lopez-Robles' second objection, U.S. Probation responded by noting that in addition to the guns, agents also seized cell phones, approximately $2,384 in U.S. currency, and approximately .4 grams of suspected methamphetamine from Defendant's residence, and it concluded that "it was not clearly improbable that the guns were connected with the distribution of methamphetamine."  (Doc. 24-1, p.2)  As to Lopez-Robles' third objection, U.S. Probation responded that it believed the information contained in the PSR to be factual as it was derived from the discovery material, and that no additional relevant information had been provided.  (Doc. 24-1, p. 3)

The Final PSR held Lopez-Robles accountable for 71.4643 grams of actual methamphetamine, and this drug quantity resulted in a base offense level of 32.  (Doc. 24, ¶¶ 67, 73)  Lopez-Robles also received a two-level enhancement for possession of a dangerous weapon (including a firearm).  (Doc. 24, ¶ 74)  After a three-level reduction for acceptance of responsibility, Lopez-Robles' total offense level was 31.  (Doc. 24, ¶¶ 80-82)  Lopez-Robles was determined to have one criminal history point, placing him in criminal history category I.  (Doc. 24, ¶ 89)  The statutory maximum term of imprisonment for the offense of conviction was 20 years.  (Doc. 24, ¶ 108)  Based upon a total offense level of 31 and a criminal history category I, the advisory guideline range for imprisonment was 108 to 135 months.  (Doc. 24, ¶ 109)

Lopez-Robles appeared for sentencing on September 30, 2013.  (Doc. 33)  The Court made inquiry that Lopez-Robles was satisfied with his counsel, final approval of the Plea Agreement was expressed, the Government's motion for a downward departure was granted, and the Court imposed a below-guidelines sentence of 63 months imprisonment, three years of supervised release, no fine, and a $100.00 special assessment.  (Doc. 33)  Judgment was entered by the Court on October 1, 2013.  (Doc. 34)  Lopez-Robles did not pursue a direct appeal from the Judgment.

The Court subsequently reduced Lopez-Robles' sentence to 51 months pursuant to 18 U.S.C. § 3582(c)(2).  (Docs. 39, 40)

Lopez-Robles brings the current Motion to Modify and Reduce Sentence (Doc. 45) seeking a two-level sentence reduction.  First, Lopez-Robles cites to the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.S. § 924(e), is unconstitutionally vague, and therefore any sentence enhancement pursuant to the residual clause of the ACCA violates due process.  He then cites to *Welch v. United States*, 578 U.S. ___, 136 S.Ct. 1257 (2016), a case which allowed for the ruling in *Johnson* to be applied retroactively.  Third, Lopez-Robles cites to *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), alleging that his increased sentence based on the mere possession of a firearm is unconstitutional, because the increase in sentence should only be imposed if the firearm is actively employed.  *Id*. at 144.  Finally, Lopez-Robles contends that his sentence should have been reduced based on an Amendment to the Sentencing Guidelines because he possessed all of the ammunition for the firearms for lawful sporting purposes, or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition.  U.S.S.G. § 2K2.1.

## II. Discussion

A thorough review of Lopez-Robles' Motion and the files and records of this case conclusively shows that Lopez-Robles is not entitled to relief, and the undersigned recommends the denial and dismissal of his Motion with prejudice without an evidentiary hearing.

### A. Timeliness

A one-year period of limitation applies to motions under 28 U.S.C. § 2255.  This period runs from the latest of: (1) the date on which the judgement of conviction becomes final; (2) the

4

date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires.  *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008).  The Judgment in this case was entered on October 1, 2013.  Had Lopez-Robles wished to file an appeal, he was required to do so within 14 days.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Lopez-Robles did not file an appeal, and his conviction thus became final on October 16, 2013.  *See Murray v. United States*, 313 Fed. App'x. 924 (8th Cir. 2009).  From that date, Lopez-Robles had one year, or until October 16, 2014, to timely file a § 2255 habeas petition.  Lopez-Robles' § 2255 Motion was filed on June 3, 2016, nearly one year and 9 months after the limitations period expired.

Lopez-Robles might argue that his § 2255 petition is timely because it was filed exactly one year after the Court's last order in his case, denying the Government's motion for a sentence reduction pursuant to Rule 35(b), on June 3, 2015.  (Doc. 44)  This argument has already been addressed by the Eighth Circuit Court of Appeals in *Byers v. United States*, 561 F.3d 832, 835 (8th not a "judgment of conviction" within the meaning of the limitations period set forth in 28 U.S.C. § 2255(f). Moreover, according to 18 U.S.C. § 3582(b), the modification of a sentence under Federal Rule of Criminal Procedure 35 does not affect the finality of the judgment of conviction. In the Senate Report accompanying § 3582, Congress explained that subsection (b) makes "clear"

5

that though a prison sentence could be "modified" after imposition by way of "three safety valves," including Rule 35(b), the "judgment of conviction is final." *See Murphy v. United States*, 634 F.3d 1303, 1308 (11th Cir. 2011) (citing S.Rep. No. 98-225, at 96 (1983), *reprinted* in 1984 U.S.C.C.A.N. 3182, 3304). Thus, "[t]he plain and obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction." *Id*. Clearly a denial of that reduction would also have no effect on the finality of the judgment, as is the case for Lopez-Robles.

Lopez-Robles' Judgment became final on October 16, 2013, when the 14-day period for filing an appeal expired. His time for filing a § 2255 motion expired on October 16, 2014. Lopez-Robles filed the instant Motion on June 3, 2016, well after the expiration of his one-year time period to file such a motion. Lopez-Robles' Motion is untimely, and it should be denied and dismissed unless statutory tolling or equitable tolling applies.

**1. Statutory Tolling**

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)-(2-4). Lopez-Robles' § 2255 Motion alleges no facts that the Respondent impeded or prevented him in any way from timely filing his § 2255 Motion. Nor does Lopez-Robles allege that he recently discovered new facts supporting his claims, or, that the

factual predicate for his claims could not have been discovered through the exercise of due diligence well within the limitations period. Lopez-Robles does, however, allege a right newly recognized by the United States Supreme Court in *Johnson*, made retroactively applicable to cases on collateral review by *Welch*, which could support an extension of time to file his § 2255 Motion.

### a. Application of *Johnson* and *Welch*

The Supreme Court held in *Johnson* that the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. *Johnson*, 135 S.Ct. at 2553. Lopez-Robles correctly identified this in his motion, and he further correctly identified that the *Johnson* holding is available retroactively through the Supreme Court's decision in *Welch*. Neither of these decisions are applicable to Lopez-Robles' case, however, because his sentence was not determined under the ACCA's residual clause, found at 18 U.S.C. § 924(e)(2)(B)(ii). Lopez-Robles' sentence was determined under the Sentencing Guidelines for Unlawful Manufacturing, Importing, Exporting, or Trafficking, found at U.S.S.G. § 2D1.1(c)(4). The 2-level increase he received for possession of a firearm was imposed pursuant to § 2D1.1(b)(1). Neither of these provisions were challenged in *Johnson*, therefore the *Johnson* and *Welch* decisions do not make Lopez-Robles' petition timely under 28 U.S.C. 2255(f)(3), nor would they provide him with the relief he seeks if he were still within the statute of limitations.

### b. Application of *Bailey*

Lopez-Robles further references *Welch* and cites a case within the opinion, *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey*, the Court held that the "use" prong of 18 U.S.C. § 924(c)(1), which imposes increased penalties on the use of a firearm in relation to certain crimes, punishes only "active employment of the firearm" and not mere possession. *Welch*, at 1267. While this holding might have authorized some relief for Lopez-

7

Robles, the next sentence in the opinion notes that the statute was amended by Congress after the *Bailey* decision to cover possession as well as use. *Id*. The argument identified by Lopez-Robles in *Bailey* is thus outdated law and does not create a basis for relief.

### c. Application of USSG § 2K2.1

Lopez-Robles' final contention is a reference to an amendment to § 2K2.1(b)(2) of the United States Sentencing Guidelines, presumably for the court to consider a reduction of points on his sentence because all of the ammunition and firearms he possessed were allegedly for lawful sporting purposes, or collection, and were not unlawfully discharged or otherwise were not unlawfully used. This Amendment, however, does not apply to Lopez-Robles because he was not sentenced under § 2K2.1. That guideline is for crimes based on the unlawful receipt, possession, transportation, or prohibited transactions involving firearms or ammunition. Lopez-Robles was sentenced under § 2D1.1, a guideline correctly applied for crimes involving manufacturing, importing, exporting, or trafficking of illegal substances. The considerations of § 2K2.1 are thus inapplicable and do not create a basis of relief for Lopez-Robles.

Consequently, there is no factual basis to find that any of the § 2255(f) statutory provisions for extending the one-year period to file beyond the date Lopez-Robles' conviction became final apply to this case.

### 2. Equitable Tolling

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassley v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and

will not be applied if the habeas movant has not diligently pursued his rights, see *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

In the present case, Lopez-Robles has not argued that any extenuating circumstances beyond his control prevented a timely filing, nor has he relied on the doctrine of equitable tolling. Lopez-Robles does not claim that anything Respondent has done made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims. He does not allege that some action of the Respondent lulled him into inaction. He does not refer to any extraordinary circumstances attributable to the Respondent, or to any other cause, that prevented him in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition. In conclusion, Lopez-Robles does not claim that any wrongdoing on the part of the Respondent prevented him from filing a timely petition, nor does he show why he did not assert his claim within the one-year statute of limitations.

Further, Lopez-Robles clearly has not exercised due diligence in the pursuit of his rights. He pursued no direct appeal. He had an earlier motion submitted by the Government under Seal on May 8, 2015, which was also denied due to timeliness. (Doc. 43, 44) Lopez-Robles has not alleged that he was in any way misled by his counsel or the Respondent into his incorrect belief regarding the applicable limitations period for filing his § 2255 Motion. Lopez-Robles' failure to recognize the applicable limitations period is his fault alone. Lopez-Robles has failed to establish any basis for equitable tolling.

### B. Procedural Default

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.

9

Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (internal citations omitted). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984). Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id.* In this case, Lopez-Robles did not pursue any relief on direct appeal. By failing to do so, Lopez-Robles procedurally defaulted the constitutional claims he now raises.

This procedural default may be excused only if Lopez-Robles "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner form raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991).

Lopez-Robles has not raised the procedural default exception, nor is there any evidence of record showing its applicability; therefore, no adequate cause exists to overcome the procedural bar in this case, and the § 2255 Motion should be dismissed.

### C. No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255). No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez* v. U.S., 541 F.3d 814, 817 (8th Cir. 2008). Such are the circumstances in this case. Resolution of Lopez-Robles' Motion can be accomplished by reviewing the record and applicable law. A thorough review of Lopez-Robles' § 2255 Motion, the files and records of this case, and applicable law, shows that Lopez-Robles is entitled to no relief. The undersigned recommends the summary dismissal of Robles' § 2255 Motion without an evidentiary hearing.

### D. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C. § 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 541 (2000).

In the present case, and for the reasons stated above, the undersigned finds that there is no substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III. Conclusion

For the reasons and upon the authorities discussed above, Lopez-Robles' claims are unsupported by the record in this case. I recommend that Lopez-Robles' Motion, filed under 28 U.S.C. § 2255, be DISMISSED WITH PREJUDICE.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th of July 2016.

/s/ Mark E. Ford
Hon. Mark E. Ford
United States Magistrate Judge